Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ANTONIO A. RIVERA MATOS<br><br>Peticionario<br><br>v.<br><br>COOPERATIVA DE VIVIENDAS ROLLING HILLS ET ALS<br><br>Recurridos | KLCE202400394 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022CV00984<br><br>Sobre: Daños y Perjuicios, Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparece el señor Antonio A. Rivera Matos (Sr. Rivera Matos) mediante recurso instado el 4 de abril de 2024. Solicita que revoquemos la resolución emitida el 1 de marzo de 2024, y notificada el 5 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina. Mediante el referido dictamen, el foro primario reafirmó su resolución emitida el 11 de octubre de 2023, y notificada el 12 de octubre de 2023, que denegó descalificar al Lcdo. Andrés Montañez Coss, a la Lcda. Carolina Villafañe Escudero y al Bufete Legal Montañez Coss de la representación legal de los miembros y exmiembros de la Junta de Directores de la Cooperativa de Viviendas Rolling Hills. Además, resolvió que tampoco procedía descalificar al Lcdo. Fredeswin Pérez Caballero de la representación legal del codemandado-reconviniente, Sr. José J. Belén Rivera.

Examinado el recurso y la resolución interlocutoria cuya revisión se solicita, denegamos la expedición del auto de *certiorari*.

### I.

El 30 de marzo de 2022, el Sr. Rivera Matos presentó una demanda sobre daños y perjuicios, por presuntos actos u omisiones

incurridos por los miembros y exmiembros de la Junta de Directores de la Cooperativa de Viviendas Rolling Hills (Cooperativa).

Tras varios incidentes procesales, el 17 de mayo de 2023, el Sr. Rivera Matos solicitó la descalificación de los licenciados Andrés Montañez Coss y Carolina Villafañe Escudero, como representantes legales de los codemandados miembros y exmiembros de la Junta de Directores de la Cooperativa: Rolando Calderón Padilla, Andreita Flores León, José A. López Pacheco, Mildred Santiago Rodríguez, José Landrau Chiclana, José Aníbal Sierra Llanos y Mayra M. Reyes Almonte. Ello, fundamentado en que se configuraba para ambos abogados una representación dual de la Cooperativa y sus socios, toda vez que los miembros y exmiembros fueron demandados en su carácter personal y oficial. Como razón para la descalificación se adujo, además, que el pago de la defensa legal de los codemandados en su carácter personal no podía sufragarse con el dinero de los socios de la Cooperativa. También se planteó que ambos representantes legales están comprometidos con un socio de la Cooperativa, el Sr. Rolando Calderón Padilla, por haber éste contestado un pliego de interrogatorios en un caso radicado por personas ajenas a los hechos del presente caso en el que la parte demandante está representada por el Lcdo. Mauricio López Quiñones, quien trabaja en el Bufete Legal Montañez Coss. Por último, se imputan intereses encontrados entre la Cooperativa y los miembros y exmiembros de la Junta de Directores, que milita en contra de la representación dual de la Cooperativa y sus miembros y exmiembros.

También, el Sr. Rivera Matos solicitó la descalificación del Lcdo. Fredeswin Pérez Caballero de la representación legal del codemandado-reconviniente, Sr. José J. Belén Rivera. El Sr. Rivera Matos adujo que el Lcdo. Fredeswin Pérez Caballero ha representado a dicho codemandado-reconviniente en otros pleitos contra la

Cooperativa, así también como a otros miembros directivos en su carácter oficial. Se arguyó que, por tal razón, tiene acceso a información confidencial y privilegiada, que eventualmente conllevaría que se generen controversias de descubrimiento de prueba que atrasarían el caso. Señala la impresión de impropiedad que tal representación supone.

El 7 de julio de 2023, el Lcdo. Andrés Montañez Coss y la Lcda. Carolina Villafañe Escudero presentaron una moción conjunta en oposición a la solicitud de su descalificación. Explicaron que las Juntas de Directores de las cooperativas, corporaciones u otras entidades con cuerpos directivos, no tienen personalidad jurídica propia. Por lo cual, independientemente del carácter bajo el cual se les identifique en una demanda, a quienes se les reclame por actos u omisiones realizados en su función oficial son demandados en su carácter personal, por no existir otro carácter en el que pueda demandárseles. Por consiguiente, afirmaron que no existe representación dual alguna, debido a que se trata de una misma persona a quien se le reclama por actos realizados en función de miembro de una Junta de Directores. En cuanto al pago de la defensa legal, se indicó que la Junta de Directores de la Cooperativa cuenta con una póliza de seguros que les provee defensa legal a sus directores, tratándose las alegaciones de la demanda de un riesgo asegurable. Respecto al presunto compromiso de los abogados con un socio de la Cooperativa por unas contestaciones a un pliego de interrogatorios, éstos aclararon que las referidas contestaciones en nada se relacionan con los hechos del presente caso, ni comprometen los intereses de ese socio con los demás miembros y exmiembros de la Junta de Directores o de la Cooperativa. Por otro lado, aseveraron que, toda vez que representan a la Cooperativa y a sus miembros y exmiembros por actos u omisiones presuntamente incurridos en sus funciones en el cuerpo directivo, no existían

intereses encontrados, reales o potenciales, entre la Cooperativa y los miembros y exmiembros de la Junta de Directores. Por tanto, sostuvieron que no hay base alguna para impedir la representación dual de la Cooperativa y dichos miembros y exmiembros.

Evaluados los escritos, mediante resolución emitida el 11 de octubre de 2023, y notificada el 12 de octubre de 2023, el TPI se negó a descalificar al Lcdo. Andrés Montañez Coss y la Lcda. Carolina Villafañe Escudero de la representación legal de la Cooperativa y sus miembros y exmiembros. Concluyó el TPI que no existían hechos concretos que manifestaran intereses encontrados – reales ni potenciales – entre la Cooperativa y los miembros y exmiembros de la Junta de Directores. Añadió que se desprende de la demanda que todas las alegaciones contra los miembros y exmiembros de la Junta de Directores son por actos u omisiones actuando en función oficial como miembros de la Junta de Directores de la Cooperativa. Por esa razón, el TPI indicó que el planteamiento relativo al pago de honorarios por la defensa resultaba inmeritorio. En cuanto al conflicto por las contestaciones ofrecidas por el Sr. Rolando Calderón Padilla en otro caso, el TPI expresó que el Sr. Rivera Matos no colocó al tribunal en condiciones de concluir que ese caso estuviera relacionado con el que nos ocupa.

En conclusión, el TPI resolvió que, conforme a los hechos expresados y las alegaciones, no se configuraban intereses encontrados que justificara la descalificación del Lcdo. Andrés Montañez Coss, la Lcda. Carolina Villafañe Escudero y el Bufete Legal Montañez Coss de la representación legal de los miembros y exmiembros de la Junta de Directores de la Cooperativa.

Inconforme, el 27 de octubre de 2023, el Sr. Rivera Matos presentó una *Moción de reconsideración y adjudicación de descalificación.* En ésta, solicitó la reconsideración de la denegatoria de descalificación de los abogados de la Cooperativa (Lcdo.

Montañez Coss y Lcda. Villafañe Escudero) y, a su vez, requirió que el tribunal resolviera la solicitud de descalificación del Lcdo. Fredeswin Pérez Caballero de la representación legal del codemandado-reconviniente, Sr. José J. Belén Rivera.

En una resolución emitida el 1 de marzo de 2024, y notificada el 5 de marzo de 2024, el TPI denegó la solicitud de reconsideración y, además, resolvió que no procedía la descalificación del Lcdo. Fredeswin Pérez Caballero. El TPI puntualizó que las cuestiones relativas al descubrimiento de prueba y los privilegios son asuntos que el tribunal atendería en el curso del descubrimiento, si se plantean oportunamente. De tal forma, concluyó que no veía que existiera un conflicto de interés que impidiera al Lcdo. Fredeswin Pérez Caballero continuar la representación legal del codemandado-reconviniente, Sr. José J. Belén Rivera.

Insatisfecho aún, el 4 de abril de 2024, el Sr. Rivera Matos instó el presente recurso de *certiorari* y consignó los siguientes señalamientos de error:

> A) Primer señalamiento de error: Erró el Tribunal de Primera Instancia al denegar la solicitud de descalificación del "Lcdo. Montañez Coss" y la "Lcda. Villafañe Escudero", resultando la misma contrario a lo resuelto en Liquilux Gas Corp. v. Berríos Zaragoza, 138 DPR 850 (1995).

> B) Segundo señalamiento de error: Erró el Tribunal de Primera Instancia al denegar la solicitud de descalificación del "Lcdo. Pérez Caballero", resultando la misma contrario a lo resuelto en Liquilux Gas Corp. v. Berríos Zaragoza, 138 DPR 850 (1995).

**II.**

**A.**

La determinación de un tribunal de instancia respecto a la descalificación de un abogado está impregnada de un alto grado de discreción que tiene dicho foro en el manejo procesal de un caso.[1] Sin embargo, dicha discreción no es óbice para que los foros

---

[1] *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

apelativos revisen estas determinaciones.[2] El Tribunal Supremo ha resuelto expresamente que las órdenes de descalificación de abogado son revisables mediante el auto de *certiorari* dado que esperar a una apelación podría constituir un fracaso irremediable de la justicia.[3]

En este contexto, la Regla 40 del Reglamento de este Tribunal[4] establece los criterios que debemos tomar en consideración al atender una solicitud para revisar tales determinaciones. De tal forma, los tribunales apelativos estamos llamados a revisar la decisión sobre la descalificación de un abogado solamente si se demuestra que hubo un craso abuso de discreción, que el foro primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial.[5] Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario.[6]

**B.**

El Tribunal de Primera Instancia tiene la facultad de ordenar la descalificación de los abogados que participan en un caso, bien para prevenir violaciones a los cánones del Código de Ética Profesional o para evitar actos disruptivos de los abogados durante el trámite de un pleito.[7] Esta facultad es inherente al poder del Tribunal para gobernar los procedimientos ante sí. Su ejercicio no tiene la naturaleza de una medida disciplinaria, poder que está

---

[2] *Job Connection Center v. Sups. Econo*, 185 DPR 585, 602 (2012).

[3] *Íd.,* pág. 601.

[4] 4 LPRA Ap. XXII-B, R. 40.

[5] Véase, además, *Job Connection Center v. Sups. Econo*, supra, pág. 602; *Meléndez v. Caribbean Int'l. News*, supra, págs. 664-665; *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1993); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[6] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[7] *Orill v. El Farmer Inc.,* 204 DPR 229, 240-241 (2020); *Meléndez v. Caribbean Int'l. News,* supra, pág. 661.

reservado al Tribunal Supremo de Puerto Rico, sino que constituye una determinación procesal.[8]

La descalificación puede ser ordenada a solicitud de parte o por el Tribunal *motu proprio*.[9] En las situaciones en que sea la parte contraria quien solicite la descalificación, el tribunal deberá considerar si quien solicita este remedio tiene legitimación para hacerlo, la gravedad del conflicto de interés implicado, la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados involucrados, la etapa del procedimiento en que surja la controversia y su posible efecto en cuanto a la resolución justa, rápida y económica del caso, y el propósito detrás de la descalificación, esto es, si la solicitud está siendo utilizada para dilatar los procedimientos.[10]

El Canon 21 del Código de Ética Profesional[11] impone a todo abogado el deber de evitar tres situaciones básicas: (1) aceptar la representación legal cuando a su juicio ésta pueda verse afectada por sus expectativas o intereses personales, (2) aceptar la representación legal simultánea de dos clientes distintos con intereses contrapuestos, y (3) aceptar la representación de un cliente en asuntos que puedan afectar cualquier interés de un cliente anterior.[12]

En lo pertinente al caso que nos ocupa, el segundo y tercer aspecto de la prohibición, tienen el firme propósito de garantizarle a todo cliente que las confidencias y los secretos que compartió con su abogado no serán utilizados en su contra, en beneficio de una representación antagónica, de un cliente simultáneo o posterior.[13] De este modo, un abogado está impedido de asumir la

---

[8] *Meléndez v. Caribbean Int'l. News*, supra, págs. 660-661.
[9] *Íd.,* pág. 660.
[10] *Otaño v. Vélez*, 141 DPR 820, 828 (1996); *Luquilux Gas Corp. v. Berríos, Zaragoza*, 138 DPR 850, 864-865 (1995).
[11] 4 LPRA Ap. IX.
[12] *Otaño v. Vélez*, supra, pág. 826.
[13] *Íd.*

representación simultánea o sucesiva de dos clientes, independientemente del consentimiento voluntario e informado otorgada por éstos, cuando entre ambas representaciones exista alguna posibilidad de conflicto de intereses.[14] Incluso en caso de dudas, el abogado está obligado a renunciar.[15]

Por su parte, el Canon 38 del Código de Ética Profesional[16] establece que los abogados deben esforzarse al máximo de su capacidad por exaltar el honor y dignidad de su profesión, aunque eso signifique sacrificios personales. Además, deberán evitar hasta la mera apariencia de conducta profesional impropia. Los abogados deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. Por esa razón, se les recomienda actuar a un nivel superior y no al margen de lo establecido por el Código de Ética Profesional. La apariencia de conducta profesional impropia puede ser muy nociva para el respeto de la sociedad por sus instituciones de justicia. Además de afectar la confianza que los clientes depositan en sus abogados de la misma forma que lo haría la impropiedad ética.[17]

**III.**

Según reseñado en el acápite anterior, este Tribunal está llamado a revisar una orden o resolución interlocutoria sobre descalificación de un abogado solamente si se demuestra que hubo un craso abuso de discreción, que el foro primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial.

Examinado el expediente, así como el derecho aplicable a tenor con los parámetros que contempla la Regla 40 del Tribunal de

---

[14] *In re Carreras Rovira y Suárez Zayas,* 115 DPR 778, 793 (1984).
[15] *In re Toro Cubergé,* 140 DPR 523, 533 (1996).
[16] 4 LPRA Ap. IX.
[17] *In re Morales Lozada,* 192 DPR 239, 244 (2015).

Apelaciones, *supra,* no encontramos razón para creer que el TPI abusara de su discreción, actuara con prejuicio o parcialidad o cometiera un error de derecho al negarse a descalificar al Lcdo. Andrés Montañez Coss y a la Lcda. Carolina Villafañe Escudero y al Bufete Legal Montañez Coss de la representación legal de los miembros y exmiembros de la Junta de Directores de la Cooperativa de Viviendas Rolling Hills, así como al Lcdo. Fredeswin Pérez Caballero de la representación legal del codemandado-reconviniente, Sr. José J. Belén Rivera.

Así que, en ausencia de alguna de las circunstancias de la Regla 40 de nuestro Reglamento, *supra,* este Tribunal concluye que no se justifica nuestra intervención en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones